UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1247 CAS (AGRx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | VINCENT ROBBINS, ET AL. v. ACF PARTNERS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

**I.   INTRODUCTION & BACKGROUND**

On February 13, 2011, plaintiffs Vincent and Virginia Robbins and the Robbins Family Trust filed the instant action against ACF Partners, Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Co., RSM&A Foreclosure Services, Cal-Western Reconveyance Corp. ("Cal-Western"), One-West Bank, JP Morgan Chase Bank, and Does 1–10. The gravamen of plaintiffs' complaint is that defendants have initiated foreclosure on plaintiffs' home without authority to do so because assignment of and substitution of trustees under the deed of trust were invalid. See generally Compl. Plaintiffs assert claims for: (1) wrongful foreclosure; (2) quiet title; (3) declaratory and injunctive relief, motion for stay of the unlawful detainer under the Fourteenth Amendment; (4) intentional infliction of emotional distress; (5) lack of standing; (6) slander of title; (7) improper securitization of loan; and (8) unjust enrichment. Plaintiffs allege subject matter jurisdiction on the basis of diversity of citizenship.

For the reasons set forth below, it does not appear that the Court has subject matter jurisdiction and plaintiffs are ordered to show cause why the action should not be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1247 CAS (AGRx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | VINCENT ROBBINS, ET AL. v. ACF PARTNERS, ET AL. | | |

## II. DISCUSSION

In order to satisfy diversity jurisdiction, the amount in controversy must exceed $75,000 and the controversy must be between citizens of different states. 28 U.S.C. § 1332(a). Complete diversity is required, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). For the purposes of diversity, a corporation is a citizen of the state in which it has its principle place of business, namely the place where "a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010). "A federal court has the power to bring a motion to dismiss for lack of subject matter jurisdiction of its own accord at anytime where jurisdiction is not available to the litigants." Cook v. City of Pomona, 884 F. Supp. 1457, 1461 (C.D. Cal. 1995); Fed. R. Civ. P. 12(h)(3).

In this case, complete diversity between the parties does not appear to exist. Plaintiffs, who are California citizens, allege that Cal-Western is a citizen of Georgia. However, a review of the California Secretary of State website indicates that Cal-Western is a California Corporation located at 525 East Main Street, El Cajon, California, 92020. Because plaintiffs and Cal-Western appear to be California citizens, complete diversity, and therefore subject matter jurisdiction, does not exist.

## III. CONCLUSION

Based on the foregoing, plaintiffs are hereby ORDERED to SHOW CAUSE on or before March 22, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |